Filed January 19, 1893.

No. 770.

## FLEMING ET AL. *v.* THE CITY OF INDIANAPOLIS.

PLEADING.—*Sufficiency of Complaint Based on Section 3261, R. S. 1881.—Agricultural and Unimproved Land in City Limits.—How Taxed.—Recovery of Illegal Taxes.*—In an action based on section 3261, R. S. 1881, for the recovery of taxes illegally collected, the complaint, to be sufficient, must allege, among other things, that the land is not used for other than agricultural purposes, or is wholly unimproved. The allegation that "the land was used for agricultural purposes" is not sufficient; and the court has the right to infer from such allegation that, as it was taxed for all general city purposes, it was used for other than agricultural purposes.

From the Marion Superior Court.

*F. Winter* and *F. H. Blackledge,* for appellants.

*L. O. Bailey,* for appellee.

ROSS, J.—The appeal in this case was taken to the Supreme Court and the same was duly certified by said court to the Appellate Court.

The appellants filed their complaint in the Superior Court of Marion county to recover taxes paid, which they allege were erroneously assessed by the appellee for the years from 1883 to 1888 against their property, and which were paid by them.

A demurrer to the complaint for want of facts was filed and sustained by the court, to which ruling the appellants

excepted.   Upon the ruling of the court, the appellants re-
fused to amend, and judgment was rendered for the appel-
lee.   From this judgment the appellants appealed to the
general term, where the judgment of the special term was
affirmed.

The only question to be determined by this appeal is
whether or not the facts alleged in the complaint are suf-
ficient to constitute a cause of action.

Without copying the entire complaint, we find the ma-
terial averments are that on the first day of April, 1883,
and continuously thereafter until the commencement of
this action, the plaintiffs were the owners of certain lands
lying within the corporate limits of the city of Indianapo-
lis, more particularly described as "The south end of the
west half of the southeast quarter of section thirty (30),
township sixteen (16), range four (4) east, containing six-
teen and thirty-five one-hundredths ($16\frac{35}{100}$) acres;" that said
land during the years aforesaid "was used for agricultural
purposes, and was unplatted;" that during each of said
years said land was taxed by said city for general purposes
at a higher aggregate percentage upon the appraised value
thereof than the aggregate percentage levied for general
township purposes by the township wherein the same is
situate, specifically setting forth the township levy and the
city levy; "that the taxes so assessed against the plaintiff
were paid by him for the several years named," which were
received by said city.

There are also allegations of the filing of a petition with
the clerk of said city asking the repayment of all taxes
assessed and paid in excess of the township rate; that said
city failed and refused to refund, and that the same is due
and unpaid.

The complaint is drafted upon the theory that, under sec-
tion 3261, R. S. 1881, the appellants' land was not liable for
taxes assessed for general city purposes at a higher aggre-

gate percentage upon its appraised value than the aggregate percentage levied for general township purposes by the township in which it is situate. This is the first proposition insisted upon by the appellants, and is, in fact, the material question presented by the complaint.

Section 3261 is as follows: "Lands lying within the limits of any city or incorporated town in this State, that are not platted as city or town property, and are not used for other than agricultural purposes or are wholly unimproved, together with all personal property used for the purpose of farming on such lands, shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township wherein such property is situated: *Provided, however*, That the provisions of this act shall not apply to parcels of land containing less than five acres."

Tracts of land lying within the corporate limits of cities or incorporated towns, which contain five acres or more, are not liable for taxation for all general city or town purposes, at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township wherein such property is situated, only in case said tracts of land are not platted as city or town property, and are not used for other than agricultural purposes, or are not platted as city or town property and are wholly unimproved.

Before relief can be granted, the person claiming the benefit of the exemption allowed by this section, must allege such a state of facts as shows the lands claimed as exempt are such as are contemplated by the express provision of the section.

The complaint in this case contains no allegation either that said lands were " not used for other than agricultural purposes," or that they were " wholly unimproved." The only allegation descriptive of the land is " That said above

described tract of land for and during the years 1883, 1884, 1885, 1886, 1887, 1888 and 1890 was used for agricultural purposes and unplatted." We are unable to construe this allegation as equivalent to an allegation that said land was not platted as city property and was not used for other than agricultural purposes. The statute requires that the land to be so exempt must have been used for no purpose other than agriculture. Under the allegations of the complaint, the court could not say that appellant's land was not used for other than agricultural purposes, but had a right to infer from the allegations that, as it was taxed for all general city purposes, it was used for other than agricultural purposes.

Many important questions presented by the record are ably discussed by counsel for our consideration, but inasmuch as they arise later in the record than the question already considered, we must refrain from passing upon them. The court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed January 19, 1893.